FILED

NOV 21 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WESLEY C. BATTEN, | No. 11-17444 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-02511-LKK-EFB |
| v. | |
| SHASTA COUNTY BOARD OF SUPERVISORS; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence K. Karlton, District Judge, Presiding

Submitted November 13, 2012[**]

Before:    CANBY, TROTT, and W. FLETCHER, Circuit Judges.

Wesley C. Batten appeals pro se from the district court's summary judgment

in his 42 U.S.C. § 1983 action alleging constitutional violations while he was

confined in Shasta County Jail awaiting civil commitment proceedings pursuant to

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

California's Sexually Violent Predator Act. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Jones v. Blanas*, 393 F.3d 918, 926 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment on Batten's strip search claim because Batten failed to raise a genuine dispute of material fact as to whether the strip search was done with an "expressed intent to punish" or was "not reasonably related to a legitimate goal[.]" *Bell v. Wolfish*, 441 U.S. 520, 538-39 (1979); *cf. Bull v. City & County of San Francisco*, 595 F.3d 964, 982 (9th Cir. 2010) (en banc) (upholding a policy requiring strip searches of all arrestees classified for custodial housing in the general population, "notwithstanding the lack of individualized reasonable suspicion as to the individuals searched").

The district court properly granted summary judgment on Batten's claims concerning mail and telephone use because Batten failed to raise a genuine dispute of material fact as to whether the policies concerning mail and telephone use served legitimate, non-punitive governmental interests. *See Jones*, 393 F.3d at 932 (analyzing conditions of confinement for civil detainees under the Fourteenth Amendment and stating that civil detainees may be subject to "[l]egitimate, non-punitive government interests" such as "maintaining jail security, and effective management of [the] detention facility"); *cf. Stevenson v. Koskey*, 877 F.2d 1435,

1440-41 (9th Cir. 1989) (mere negligence in opening legal mail outside of inmate's presence does not sustain a due process claim under § 1983).

The district court properly granted summary judgment on Batten's claims concerning treatment because Batten failed to show that he had any right to sex offender treatment. *See People v. Ciancio,* 134 Cal. Rptr. 2d 531, 545-46 (Ct. App. 2003) (there is no mandated pretrial treatment of alleged sexually violent predators awaiting commitment proceedings in California).

Batten's contentions concerning alleged violations of his procedural due process rights are unpersuasive.

**AFFIRMED.**